In the Matter of the Claim of Mrs. MARGARET McNEIL, Respondent, against NEW YORK POWER AND LIGHT CORPORATION, Successor to Adirondack Power & Light Corporation, and Utilities Mutual Insurance Company, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial

Board made on April 9, 1936, of $8.655 per week to Margaret McNeil, dependent mother of Hector McNeil, deceased employee. September 10, 1925, the deceased employee met instant death by contact with a high tension wire. He left a father and mother and several brothers and sisters residing in Sydney, Nova Scotia. The father and mother each filed claim for compensation and also claimed compensation for the dependent brothers and sisters. The claims were filed and hearings had in one proceeding under the same folder number and in January, 1926, an award of $200 funeral expenses was made, followed on March 2, 1926, by an award to the father, the notice of award stating that the decision and award of compensation was made " in the above case of Hector McNeil, the decedent," and notice of award also stating, " Case closed." Payments of compensation were made to the father until January 15, 1935, the date of his death. Thereafter application was made in behalf of the mother " for permission to reopen the above case #5502155 re. Hector McNeil." A hearing was granted and held and the Board thereupon made the award appealed from which held that the original claim in behalf of the mother and brothers and sisters of deceased was not closed, but was open and pending at the time of the making of the award to the father, and awarded the mother compensation from January 15, 1935, the date of death of the father, at $8.655, the same rate of compensation which had previously been awarded and paid to him. The points raised by the appellant are that the reopening of the case and the award made by the Board herein was an abuse of its discretion and in violation of its own rules, particularly rule 14, which provides that such applications must be made within a reasonable time after the applicant has had knowledge of the facts constituting the grounds upon which such application is made; also that any award made herein should be made against the special fund created by section 25-a of the Workmen's Compensation Law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Rhodes, Acting P. J., McNamee, Crapser, Bliss and Heffernan, JJ.